UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD C. JOHNSON,<br><br>                    Plaintiff,<br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>                    Defendant. | CASE NO.  C09-5688RBL<br><br>REPORT AND RECOMMENDATION<br><br><br> Noted for October 8, 2010 |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of  H.E.W. v. Weber, 423 U.S. 261 (1976).

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff, Donald Johnson, was born in 1964, and is currently 46 years old. Tr. 94.  He attended school until the tenth grade. Tr. 656.  Plaintiff reported that he quit school because he wanted to be a fishing guide and that a high school education was not needed to accomplish this goal. Tr. 124.  Accordingly, after quitting high school, plaintiff obtained a captain's license from the Coast Guard, and he worked as a fishing guide for fifteen years. Id.  Plaintiff also has work

REPORT AND RECOMMENDATION - 1

experience in the steel fabrication industry. Plaintiff was last employed in January 2005 as a barista in Idaho. Tr. 658-59.

On June 30, 2005, plaintiff filed applications for social security benefits. Tr. 57-59. Plaintiff alleged he became unable to work on May 28, 2002, due to "Mental illness (bipolar) – DEPRESSION." Tr. 67-68. At the administrative hearing, plaintiff amended his alleged onset date to February 1, 2005, because he had performed substantial gainful work in 2004 and January 2005. Tr. 658-59. Plaintiff quit this most recent job, moved from Idaho to Washington, and he has not worked since his move to Washington. Id. Plaintiff testified that he is unable to work due to serious depression and, at times, uncontrollable energy. Tr. 660.

On December 20, 2007, the administrative law judge (ALJ) issued a decision, determining plaintiff not to be disabled, finding, in relevant part:

(1) At step one, plaintiff has not engaged in substantial gainful activity since the amended alleged onset of disability. Tr. 32.

(2) At step two, plaintiff's depression and chronic history of alcohol and polysubstance dependence/abuse are "severe" impairments. Id.

(3) At step three, none of plaintiff's impairments met or equaled the criteria of any of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id.

(4) At step four, plaintiff's subjective complaints were discounted and plaintiff was found to have the residual functional capacity to perform a wide range of simple, repetitive tasks at all exertional levels, requiring no greater than occasional direct interaction with supervisors, co-workers, and the general public. Plaintiff is unable to perform any of his past relevant work. Tr. 33.

(5) At step five, there are a significant number of jobs in the national economy that plaintiff can perform, including work as a warehouse worker, housekeeper, or garment worker. Id.

Plaintiff requested review of the ALJ's decision, but that request for review was denied by the Administration's Appeals Council on October 7, 2009. Tr. 10-14. Subsequently, the Appeals Council set aside its denial to consider additional medical information, but on November 5, 2009, it again denied plaintiff's request for review. Tr. 6-9. As a result, the ALJ's December 20, 2007

REPORT AND RECOMMENDATION - 2

decision is the administration's final decision, subject to judicial review.  20 C.F.R. §§ 404.981, 416.1481.

On November 3, 2009, plaintiff filed the instant matter with the clerk of the court.  In his Opening Brief, plaintiff argues the following.

1. The ALJ erred by failing to properly assess and consider all of the medical opinion evidence.

2. The ALJ erred in his assessment of plaintiff's credibility and the lay evidence of record.

3. The ALJ erred in his assessment of plaintiff's residual functional capacity.

4. The ALJ's hypothetical posed to the vocational expert was not properly supported by evidence in the record.

5. New and material evidence submitted to the Appeals Council supports reversal and remand, if benefits are not awarded outright.

After considering the record, the undersigned finds the matter should be remanded to the administration for further consideration.  Specifically, this court finds the ALJ erred when he relied upon the medical opinion of Dr. Regets, but failed to discuss all of Dr. Regets' non-exertional limitations when formulating plaintiff's residual functional capacity.  This error specifically requires remand for further consideration of the medical evidence.  Accordingly, the matter should be remanded to the administration for further consideration.

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

REPORT AND RECOMMENDATION - 3

Richardson v. Perales, 402 U.S. 389, 201 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

Plaintiff bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment that has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

### I. *The ALJ Erred in Evaluating the Medical Evidence in the Record*

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Security Administration, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether

inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted)(emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; *see also* Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social

REPORT AND RECOMMENDATION - 5

Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a non-examining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

In the instant matter, the ALJ weighed the medical evidence and found that plaintiff did not have any significant exertional limitations, but with regard to plaintiff's non-exertional or mental limitations, the ALJ found that plaintiff would be limited to simple repetitive tasks in positions requiring no greater than occasional direct interaction with supervisors, co-workers, and the general public. Tr. 27. The ALJ stated that this residual functional capacity finding is based upon "the totality of medical opinions in the record and especially those best supported by objective medical signs and laboratory findings of a longitudinal nature. Pursuant to Social Security Ruling 96-6p, the undersigned has closely reviewed the medical opinions and assessments of the State Agency physicians and consultant." Id. After reviewing the ALJ's analysis of the medical evidence, this court finds the ALJ's residual functional capacity finding is not properly supported by substantial evidence.

As noted above, the ALJ relied heavily on the opinions of the State Agency physicians to find plaintiff is capable of working if he was exposed only to occasional direct interaction with supervisors, co-workers, and the general public. One of those physicians was Dr. Regrets, who completed a mental residual functional capacity assessment form on February 6, 2006. Tr. 327-44. The ALJ relied on this assessment, stating, "On February 6, 2006, the State Agency physicians further opined that the claimant would be "not significantly limited" in understanding,

REPORT AND RECOMMENDATION - 6

remembering, and carrying out simple repetitive tasks (Exh. 4-F), and no more than "moderately" rather than "markedly" limited as a result of any mental impairment (Exh. 5-F, SSR 96-6p)." Tr. 28.  The court notes that after citing Dr. Regets' report to support his residual functional capacity finding, the ALJ discounted the treating and examining physicians' reports, all of which assigned greater mental limitations.  Tr. 28-29

The problem with the ALJ's reliance on Dr. Regets' opinion to support his residual functional capacity finding is that it appears the ALJ only adopted a portion of Dr. Regets' assessment and seemed to ignore other portions of the opinion.  As noted by plaintiff, the ALJ failed to address Dr. Regets' opinion that plaintiff is moderately limited in his ability: (i) to maintain attention and concentration for extended periods; (ii) to complete a normal work day and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and (iii) to respond appropriately to changes in the work setting.  Tr. 327-28.  Defendant argues that these omissions are not necessarily inconsistent with the ALJ's finding, however, the undersigned disagrees.

The law requires the ALJ to address significant and probative evidence.  <u>Vincent on Behalf of Vincent</u>, 739 F.3d at1394-95.  The ALJ clearly relied on Dr. Regets to support finding that plaintiff could work as long as the type of work was limited to simple repetitive tasks in positions requiring no greater than occasional direct interaction with supervisors, co-workers, and the general public.  However, the additional three moderate limitations are not incorporated into the residual functional capacity finding.  For instance, despite Dr. Regets' opinion that plaintiff would be moderately limited in his ability to perform at a consistent pace without an unreasonable number and length of rest periods, the ALJ did not discuss this limitation.  Dr.

REPORT AND RECOMMENDATION - 7

Regets' other three moderate limitations are significant. The lack of any rationale for accepting some of Dr. Regets' moderate limitations but rejecting others, was error.

The undersigned, however, rejects plaintiff's assertion that the ALJ's erroneous review of the medical evidence requires a finding that plaintiff is unable to sustain competitive employment and an award of social security benefits. In support of this assertion, plaintiff points to the testimony of the vocational expert at the hearing that an individual would not be employable if the limitations assigned by Dr. Satter or Mr. Bishko were adopted. Plaintiff's Opening Brief (Doc. 16) at 21-22. As noted by defendant, Dr. Satter, Dr. Krueger, and Mr. Bishko all assigned some "marked" limitations, but Dr. Regets assessed only "moderate" limitations, and thus, the evidence is conflicting. The Administration, not the court, should evaluate and reconsider this evidence. The matter should be remanded for further consideration.

Because this court is recommending that the matter be remanded for further consideration, this court does not make any further recommendation regarding the balance of plaintiff's issues, with the expectation that the ALJ will fully evaluate all issues on remand in light of the standards sets forth above.

## CONCLUSION

Based on the foregoing discussion, the Court should remand the matter to the administration for further consideration. Remand for reconsideration of the ALJ's residual functional capacity finding, particularly plaintiff's mental limitations and the medical evidence associated with plaintiff's mental limitations, will necessarily require the administration to reconsider all of the medical evidence, plaintiff's testimony, the lay witness statements, and the additional evidence submitted to the Administration's Appeals Council in their entirety.

1  Accordingly, the other issues presented by plaintiff are essentially moot and were therefore not
2  specifically addressed in this report.
3       Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")
4  72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation
5  to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result
6  in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).
7  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this
8  matter for consideration on October 8, 2010, as noted in the caption.
9  
10       Dated this 13th day of September, 2010.

                                               /s/ J. Richard Creatura

                                             J. Richard Creatura
                                             United States Magistrate Judge