HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD C. JOHNSON,

        Plaintiff,

        v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

        Defendant.

Case No. C09-5688RBL

ORDER ON MOTION FOR EAJA FEES, EXPENSES, AND COSTS

      THIS MATTER comes on before the above-entitled Court upon Plaintiff's Motion for EAJA Fees, Expenses and Costs [Dkt. #29]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

      The underlying case involves plaintiff's request for judicial review of the Commissioner's final decision finding him not disabled under the Social Security Act. On September 14, 2010, the Magistrate Judge filed a Report and Recommendation. Although plaintiff alleged several errors by the administrator, the Report and Recommendation only addressed the ALJ's error in relying on only a portion of Dr. Reget's residential functional capacity assessment in reaching its decision that plaintiff was not disabled. The defendant did not object to the Report and Recommendation. On October 8, 2010, this Court entered an Order adopting the Magistrate Judge's Report and Recommendation and remanded this matter to the administrator for further consideration.

ORDER
Page - 1

Plaintiff thereafter filed the instant motion seeking fees, expenses, and costs. The defendant has objected to the request arguing that their position was substantially justified.

Plaintiff is the prevailing party in this action and is entitled to an award of attorney's fees and expenses unless the position of the United States is "substantially justified." 28 U.S.C. § 2412(d)(1). The government has the burden to show that its conduct was substantially justified at each stage of the proceedings. *Gonzalez v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). The Commissioner's position is substantially justified when it is justified to a degree that could satisfy a reasonable person that it has a reasonable basis in law and fact. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2005). The government's position is likewise substantially justified if there is a "genuine dispute" over which "reasonable people could differ." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). A substantially justified position is one that "a reasonable person could think as correct, that is, if it has a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566, n.2. The position does not need to be justified to a high degree." *Id*. at 565. The standard is satisfied if there is a "genuine dispute." *Id*. However, "[w]hen the government's legal position clearly offends established precedent . . . its position cannot be said to be substantially justified." *Washington v. Heckler*, 756 F.2d 959, 962 (3rd Cir. 1985).

Plaintiff argues here that the government's position was not substantially justified because there is precedent on point from two recent decisions from this district rejecting the government's position. In *Hartman v. Astrue,* C07-5644KLS, Magistrate Judge Strombom rejected the government's position that the ALJ could merely rely on the narrative section of a form filled out by physicians in determining residential functional capacity and ignore the specific findings made elsewhere in the form. The case was remanded for further proceedings. Likewise, in *Gibbs v. Astrue*, C09-5114RJB, District Judge Bryan reached the same conclusion in remanding the case for further administrative proceedings. Neither case was appealed by the government, and attorneys' fees were awarded without objection.

In this case, the government made the exact argument to Magistrate Judge Creatura that was previously rejected by both Magistrate Judge Strombom in *Hartman* and District Judge Bryan in *Gibbs*. The government's position was not substantially justified because the government had twice previously litigated and lost the exact issue before two separate judges of this Court.

Plaintiff's Motion for EAJA Fees, Expenses and Costs [Dkt. #29] is **GRANTED**. Plaintiff is awarded attorney fees in the amount of $6,288.84, costs in the amount of $18.20 for photocopies, and expenses in the amount of $42.32 for postage, fax, and long distance calls pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 and 28 U.S.C. § 1920. Subject to any offset allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, ___ U.S. ___ (2010), payment of this award shall be made via check sent to Elie Halpern's address: Halpern & Oliver, PLLC, 1800 Cooper Pt. Road SW, Bldg. #19, Olympia, WA 98502.

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 4th day of January, 2011.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE