HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD C. JOHNSON, | CASE NO. C09-5688-RBL |
| Plaintiff, | ORDER |
| v. | (Dkt. #29) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

**INTRODUCTION**

After reversing an administrative law judge's (ALJ) decision finding Plaintiff able to work, the Court held that the Government's legal position was not substantially justified and awarded attorney's fees. (Order, Dkt. #37.) In awarding fees, the Court reasoned that the Government's position had been rejected twice already in this district, and the Government should therefore have been aware that its position was untenable. (*Id.*) The Ninth Circuit disagreed, holding that the Court should not have relied exclusively on "objective indicia," i.e., the two decisions. (Memo., Dkt. #48.) Here, the Court reviews the decision on the merits.

| | |
|---|---|
| 1 | **BACKGROUND** |
| 2 | In 2005, Plaintiff applied for social security benefits, alleging an inability to work due to |
| 3 | mental illness (bipolar disorder and depression).  (Report & Recommendation at 2, Dkt. #25.) |
| 4 | Relying primarily on the report of Dr. Michael Regets, the ALJ rejected the application, finding |
| 5 | that Plaintiff was not disabled and had the residual functioning capacity[1] to perform "a wide |
| 6 | range of simple, repetitive tasks at all exertional levels . . . ."  (*Id*.) |
| 7 | Plaintiff appealed the decision, arguing the ALJ made several errors, including adopting |
| 8 | only some of the limitations identified by Dr. Regets, but ignoring others that conflicted with the |
| 9 | ALJ's findings.  The Government contended that the ALJ's assessment did account for all of the |
| 10 | limitations and did not conflict with Dr. Regets' opinion. |
| 11 | Magistrate Judge Creatura recommended reversing the decision because the ALJ failed to |
| 12 | discuss all of the limitations identified by Dr. Regets, and this error required remand for further |
| 13 | consideration of the medical evidence.  (Report & Recommendation at 8, Dkt. #25.)  This Court |
| 14 | agreed. |
| 15 | Plaintiff filed for attorney's fees.  The Court granted fees, stating that the Government's |
| 16 | position was not substantially justified because it had "twice previously litigated and lost the |
| 17 | exact issue before two separate judges of this Court."  (Order at 2, Dkt. #37.)  The Ninth Circuit |
| 18 | held that the Court improperly relied exclusively on "objective indicia"—the existing cases— |
| 19 | rather than the merits of the Government's arguments. |

---

[1] "Residual Functional Capacity" is the most a claimant can do despite her limitations. 20. C.F.R. §§ 404.1545(a), 416.945(a).

**DISCUSSION**

The Equal Access to Justice Act permits an award of fees to a prevailing party in a civil action against the United States "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). "The Commissioner is substantially justified if his position met the traditional reasonableness standard—that is, justified in substance or in the main, or to a degree that could satisfy a reasonable person." *Lewis v. Barnhard*, 281 F.3d 1080, 1083 (9th Cir. 2005) (internal quotation marks omitted). The government's position is likewise substantially justified if there is a "genuine dispute" over which "reasonable people could differ." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

In appraising substantial justification, a court may consider objective indicia, including the viewpoints of other courts. *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005) (citing *Pierce*, 487 U.S. at 568 (1988)). When, however, the objective indicia are inconclusive, the court must "proceed[] to the merits of the government's litgati[on] position." *Id.* (citing *Pierce*, 487 U.S. at 568).

The Government was substantially justified in its position because reasonable minds could differ as to whether the ALJ's finding was consistent with Dr. Regets' assessment. Dr. Regets' report included "Part I," consisting of a series of checked boxes identifying Plaintiff's six "moderate" limitations, as well as "Part III," a narrative section. Dr. Regets did not specify whether he intended the narrative assessment to encompass all or only some of the limitations identified in Part I.

The ALJ discussed three of the Part I limitations in his assessment, but did not discuss the Plaintiff's moderate limitations in his ability to (i) maintain attention and concentration for extended periods; (ii) to complete a normal work day and work week without interruptions from

1 psychologically based symptoms and to perform at a consistent pace without an unreasonable
2 number and length of rest periods; and (iii) to respond appropriately to changes in the work
3 setting. (Report & Recommendation at 7, Dkt. #25.)

4       The Government argues that Dr. Regets' assessment in Part III was based on the
5 limitations identified in Part I and is "essentially identical" to the ALJ's assessment. It points to
6 Dr. Regets' opinion in Part III: that Plaintiff was capable of simple and some detailed tasks, and
7 would be able to persist; Plaintiff was able to interact with a few coworkers and supervisors and
8 showed the ability to interact appropriately with doctors, staff, and family members; Plaintiff
9 was precluded from working with the general public in anything other than superficially social
10 roles; Plaintiff had the ability to adapt to the normal stresses encountered in daily life, including
11 the ability to avoid hazards, travel, organize his day, carry through with daily routines, and attend
12 appointments; and Plaintiff's adaptability for independent functioning was intact. (Def.'s Resp.
13 to Mot. for Atty's Fees at 2–3, Dkt. #33.) The Government argues that this assessment is
14 entirely consistent with the ALJ's finding that Plaintiff had the residual functional capacity to
15 perform simple repetitive tasks requiring no more than occasional direct interaction with
16 supervisors, co-workers, and the general public.

17       Plaintiff argues that the ALJ could not have accounted for all of the limitations identified
18 in Part I because they "seem" to be in addition to the narrative assessment, not incorporated into
19 it. Plaintiff supports its position by pointing out that Part III says nothing about rest breaks,
20 despite the moderate limitation on performing at a consistent pace without an unreasonable
21 number and length of rest periods, identified in Part I. (Pl.'s Opp'n to Mot. to Altr. at 4, Dkt.
22 #41.)

1    It is unclear whether Dr. Regets' intended the Part III narrative assessment to incorporate
2 all of the limitations identified in Part I.  While it is possible Dr. Regets did not intend his
3 narrative assessment in Part III to encompass all of the limitations identified in Part I, a
4 reasonable person could find otherwise.  Because reasonable minds could differ, it was not
5 unreasonable for the Government to argue that the ALJ properly considered all of the limitations
6 identified in Part I.
7    Plaintiff's motion for EAJA Fees, Expenses and Costs [Dkt. #29] is DENIED.
8
9    Dated this 10th day of April, 2013.
10
11                    _____
                      RONALD B. LEIGHTON
12                    UNITED STATES DISTRICT JUDGE